IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANE A. KITTERMAN,

      Plaintiff,

v.                                                          Case No. 25-cv-1827-NJR

AMY DALBY, JASON ROBINSON,
JOHN BARWICK, WARDEN JEFFREY
WEHKING, DR. WHEALON, and
JOHN DOE DOCTOR,

      Defendants.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Shane Kitterman, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brought this action in state court for deprivations of their constitutional rights while incarcerated at Pinckneyville and Centralia Correctional Centers.[1] Defendant Amy Dalby removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 on September 24, 2025.

## Motion to Remand

Kitterman seeks to remand this action (Doc. 10) on the basis that Dalby's removal was untimely. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

---

[1] Kitterman alleges that they were born a male but suffer from gender identity disorder and identifies as a transgender female (Doc. 1-2, p. 31). Although Kitterman has not identified the pronouns that they prefer, the Court will use "they/them" until Kitterman informs the Court of their preferred pronouns.

by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending."

A defendant has 30 days from receipt of the complaint to file a notice of removal. 28 U.S.C. § 1446(b)(1). Valid removal requires the consent of all defendants, unless they were not properly served at the time of removal. 28 U.S.C. § 1446(b)(2)(A). *See also Phoenix Container, L.P. v. Sokoloff,* 235 F. 3d 352, 353 (7th Cir. 2000) (noting that joining in the notice is "an essential step"). If the defendant failed to follow the proper steps in removing a civil suit, "[a] plaintiff has a right to remand." *Matter of Cont'l Cas. Co.,* 29 F. 3d 292, 294 (7th Cir. 1994) (discussing non-jurisdictional objections to removal).

Kitterman argues that Dalby's notice of removal was untimely because the complaint was served by the Sheriff of Clinton County on August 22, 2025. The attached summons notes that the summons was received by the Clinton County Sheriff on August 22, 2025, but it was not served on Dalby until August 25, 2025 (Doc. 1-2, pp. 104-105). Because Dalby did not receive notice of the complaint until August 25, 2025, her notice of removal, filed September 24, 2025, was timely. Kitterman's motion to remand (Doc. 10) is **DENIED**.

### The Complaint

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Kitterman transferred to Centralia Correctional Center in March 2024. Before transferring to Centralia, Kitterman was diagnosed with Hepatitis C and asthma (Doc. 1-2, p. 4). During intake at Centralia, Kitterman informed officials that they identified as a transgender female although they had not yet been formally diagnosed (*Id*.). They also stated that they previously tested positive for Hepatitis C and needed to be re-tested and obtain treatment for the condition (*Id*.). Kitterman received a second test while at Centralia and again tested positive for Hepatitis C (*Id*.). But Kitterman alleges that after meeting with Amy Dalby about a possible referral to the University of Illinois – Chicago for treatment, Dalby refused them treatment (*Id*. at pp. 5-6). She refused to monitor or treat their condition, in part because they were transgender.

Kitterman submitted numerous grievances about their inability to obtain medical care for their condition, but Warden Wehking and Jason Robinson refused to respond to the grievances (Doc. 1-2, p. 7). Kitterman alleges that they filed at least 60 grievances noting their worsening condition. They informed Wehking and Robinson that they experienced loss of appetite, fatigue, nausea, vomiting, stomach pain, and yellowing of their skin and eyes (*Id*.). They also submitted numerous request slips to the medical unit and Dr. Whealon, informing Whealon of their condition (*Id*. at p. 8). They never received treatment or further monitoring (*Id*. at pp. 8-13).

In April 2025, Kitterman requested an HIV test after they were assaulted, and Dr. Whealon noted that their numbers still indicated that they had Hepatitis C. But Whealon refused to treat or further test Kitterman (*Id*.). Kitterman also started experiencing what they believe is end-stage liver disease (*Id*.). They informed Whealon

3

that they suffered from dark tea colored urine, fatigue, swelling in the stomach, light colored stool, and constant abdominal pain (*Id*.). Despite their complaints, they received no further treatment (*Id*. at p. 14). In response to their continued complaints, Dr. Whealon discontinued their Ensure, despite the drink being the only source of vitamins and protein that they could consume without vomiting (*Id*. at p. 15). Kitterman's continued complaints also led to Wehking and Robinson transferring them to Pinckneyville, despite there being no penological purpose for the transfer (*Id*.). They allege that Wehking and Robinson specifically threatened to transfer them to Pinckneyville if they continued to complain about their medical care, and actually transferred Kitterman after they filed additional grievances (*Id*. at p. 20) Kitterman also alleges that Pinckneyville is known as a harsher facility (*Id*.). Prior to their transfer, Dr. Whealon discontinued all of their medications and confiscated their asthma inhaler (*Id*. at p. 15).

On June 18, 2025, Kitterman transferred to Pinckneyville (Doc. 1-2, p. 16). They were told upon arrival that they would not receive care and they better not complain (*Id*. at p. 20). After their transfer, Kitterman submitted numerous medical requests to John Doe Doctor and Warden John Barwick requesting the return of their asthma inhaler, as well as their medications and treatment for various conditions, including Hepatitis C (*Id*. at p. 16). John Doe Doctor relayed through nurses passing out medications in the housing units that he would not provide care or schedule exams for Kitterman due to Kitterman's previous complaints (*Id*. at p. 21). Kitterman alleges that they suffer from asthma, heartburn, and a sprained wrist (*Id*. at pp. 16-17). Kitterman also alleges that in April 2025 they were diagnosed with a lipoma/boil that needed removed, but they have yet to be

4

scheduled for the procedure (*Id*. at p. 16). Their requests for care to John Doe Doctor and Warden Barwick have gone unanswered (*Id*. at p. 17). Kitterman alleges that upon arrival at Pinckneyville, Barwick threatened them not to file any additional grievances (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

Count 1:    **Eighth Amendment deliberate indifference claim against Amy Dalby, Jason Robinson, Jeffrey Wehking, Dr. Whealon, John Barwick, and John Doe Doctor for refusing to treat Kitterman's Hepatitis C and other conditions.**

Count 2:    **First Amendment retaliation claim against Jason Robinson, Jeffrey Wehking, Dr. Whealon, John Barwick, and John Doe Doctor for refusing Kitterman medical care and transferring Kitterman to Pinckneyville in retaliation for filing grievances at Centralia.**

Count 3:    **Illinois state law claim for intentional infliction of emotional distress against Amy Dalby, Jason Robinson, Jeffrey Wehking, Dr. Whealon, John Barwick, and John Doe Doctor for refusing to provide Kitterman with medical care.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] This includes any claim pursuant to the Americans with Disabilities Act ("ADA"). Kitterman alleges that their inadequate medical screening and care for their Hepatitis C violated the ADA, but they fail to allege that they were discriminated against based on a disability. *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006). *See also Bell Atlantic Corp. v. Twombly*,

At this stage, Kitterman states a viable claim for deliberate indifference to his medical needs against Amy Dalby, Jason Robinson, Jeffrey Wehking, Dr, Whealon, John Barwick, and John Doe Doctor in Count 1. He also states a viable retaliation claim against Jason Robinson, Jeffrey Wehking, Dr. Whealon, John Barwick, and John Doe Doctor in Count 2. *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014). Finally, Kitterman alleges a viable intentional infliction of emotional distress claim under Illinois state law. *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 314 (7th Cir. 2017).

To the extent that Kitterman seeks injunctive relief and/or a temporary restraining order for medical care at Pinckneyville Correctional Center, Kitterman is no longer in IDOC custody. Per the Illinois Department of Corrections' website, Kitterman paroled from Pinckneyville on November 3, 2025. *See* IDOC's Individual in Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Nov. 18, 2025). Thus, Kitterman's request for injunctive relief (Doc. 1-2, pp. 51-55) is **DENIED as moot**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Amy Dalby, Jason Robinson, Jeffrey Wehking, Dr. Whealon, John Barwick, and John Doe Doctor. Count 2 shall proceed against Jason Robinson, Jeffrey Wehking, Dr. Whealon, John Barwick, and John Doe Doctor. Count 3 shall proceed against Amy Dalby, Jason Robinson, Jeffrey Wehking, Dr. Whealon, John Barwick, and John Doe Doctor. The Court also adds John

---

550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Barwick, in his official capacity, to respond to discovery aimed at identifying the unknown doctor at Pinckneyville.

The Clerk of Court shall prepare for Amy Dalby, Jason Robinson, Jeffrey Wehking, Dr. Whealon, and John Barwick (official and individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Kitterman. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Kitterman, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

7

Because Kitterman's claims involve their medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

Finally, Kitterman was previously advised that they were under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their address; the Court will not independently investigate their whereabouts (Doc. 5). As of this date, Kitterman has not updated their address. Kitterman is **DIRECTED** to update their address by **December 4, 2025**. Failure to comply with this order will result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  November 20, 2025**

                                      _____
                                        **NANCY J. ROSENSTENGEL**
                                        **Chief U.S. District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**